## † JORDAN, *in Equity, versus* FAY.

The specific performance of a contract in writing, concerning land, cannot be compelled in a court of equity, if the description of the land is so vague and uncertain, as to require a resort to parol evidence to ascertain its boundaries, and there is no reference in the memorandum to other description which would make it certain.

BILL IN EQUITY, for a specific performance of the contract following : —

"North Lincoln, Oct. 24, 1853.

"Received of Thomas M. Jordan, Esq., thirty dollars, on account of a lot of land, joining a small tract now occupied by Michael Micue; and when said Jordan fulfils an agreement in relation to a line fence, then he is to have a deed of the same, for which this amount is in part.     C. J. Fay."

The bill alleged a performance of the agreement in relation to the line fence; set out the boundaries of the land referred to, and a demand for a deed upon the respondent, and his refusal to give one.

To this bill, the respondent filed a general demurrer.

*Peters*, in support of the demurrer, denied the validity of

the memorandum, on account of the statute of frauds, and cited *Atwood* v. *Cobb*, 16 Pick. 227.

And if the object of the statute is to protect one against the uncertainties of verbal contracts in relation to real estate, certainly the rule will apply when a written contract is as liable to perversion, as a verbal one could be.

*J. E. Godfrey*, for plaintiff.

Courts of equity will decree a specific performance when the contract is in writing, and is certain, and is fair in all its parts, and is for an adequate consideration, and is capable of being performed. The form of the instrument is unimportant. Story's Eq. Jurisprudence, vol. 2, § § 751, 770.

If the description be sufficient to ascertain the estate to be conveyed it will pass the conveyance. *Worthington & al.* v. *Hyler & al.* 4 Mass. 196.

A grant of all the lands I own in said town, the bounds to be found in the county records, is a sufficient description. *Field* v. *Huston*, 21 Maine, 69.

Courts of equity will conform preliminary contracts to the real intent of the parties. Story's Eq. Juris. vol. 1, § § 152, 154, 159.

And they supply omissions in deeds. Same, § 166.

TENNEY, J. — This suit is for a specific performance of a contract, in writing, to sell land, in the following words and figures, viz. : —

"North Lincoln, Oct. 24, 1853.

"Received of Thomas M. Jordan, Esq., thirty dollars, on account of a lot of land, joining a small tract now occupied by Michael Micue; and when said Jordan fulfils an agreement, in relation to a line fence, then he is to have a deed of the same, for which this amount is in part.

"C. J. Fay."

And the bill alleges, that the land, so agreed to be sold and conveyed, is that which is described therein, by courses and distances, metes and bounds.

The defendant demurs generally to the bill, and as a ground against the power of the Court, to decree a specific performance, as prayed for, the statute of frauds is insisted on.

The memorandum signed by the defendant, is defective. It should have described the land with such certainty, that it could be understood from the writing itself, without parol proof; unless that appears in the writing itself, or by some reference, contained in it, to something else, which is certain, it does not comply with the statute. *Blagden* v. *Bradbear*, 12 Vesey, 446; *Tawney* v. *Crowther*, 3 Bro. 318; *Bagdell* v. *Drummond*, 11 East, 142; *Parkhurst* v. *Van Cortland*, 1 Johns. Ch. 273.

By the memorandum, the only description of the lot is, that it is joining a small tract, now occupied by Michael Micue, and there is in the writing no reference, by which the land can be determined with any greater certainty, than by the memorandum. The location, size and shape of the lot, are entirely wanting in the description, and without a resort to parol evidence, it would be impossible to ascertain what land was intended to be the subject of the agreement; and it forms no ground for a specific performance.

*Demurrer sustained. — Bill dismissed with costs.*