J. A. BUTLER, Appellant, v. S. A. THRELKELD AND T. L.
CLAYTON.

**Reformation:** ORAL EVIDENCE OF CONTRACT: *Statute of frauds.* Notwithstanding Code, section 4625, which provides that oral evidence is not competent to establish contracts "for the creation or transfer of any interest in lands, except leases for a term not exceeding one year," a court of equity may correct a lease by including an option of the lessee to buy, which was omitted by mutual mistake, and then enforce the contract as reformed.

**Exercise of Option to Buy:** *When tender of price and demand for deed needless.* Where a lessee who had an option to buy the leased lands offered to exercise this option, and the lessor refused, a tender of the purchase price and a demand for the deed were unnecessary to establish such election.

*Appeal from Warren District Court.*—HON. A. W. WILKINSON, Judge.

THURSDAY, MAY 20, 1902.

ABOUT December 1, 1899, the plaintiff bought the 153½ acres of land in controversy, and on the seventeenth day of that month entered into a written contract with the defendant, leasing to him said land from January 1, 1890, for five years, at the yearly rental of $241.25, "payments as follows: to pay the interest simultaneously on two certain mortgages, one for $250, one for $1,000, as same matures, the balance on January 1st, of each year up to 1895," and S. A. Threlkeld, in addition to the above annual rent, agrees to pay all the annual taxes on the above land, and it is further agreed by and between the parties, too, that S. A. Threlkeld has the privilege of selling the above land during this lease for more than the purchase money, he paying up the interest, taxes and rents up to the time of sale, and the amount over the purchase

money to be divided equally between the parties hereto.
The defendant paid rent to January 1, 1894, and $34.33
on the year following, and in this action plaintiff seeks
recovery thereof to January 1, 1900, with interest. The
defendant alleged in his answer and a cross-petition
that, as a part of the contract, it was agreed that he
should have the option of buying the land at any time
during the term of the lease at the price paid by plaintiff .
—$3,300—with interest at the rate of 7½ per cent.
per annum and taxes, and that this was omitted from the
lease by mutual mistake; that defendant elected to pur-
chase said land about October 1, 1893, and he prayed
that the contract be reformed so as to contain the above
stipulation, and that upon the payment of said purchase
price and interest the plaintiff be compelled to convey to
him said land. The cause as transferred to the equity
side of the calendar, and, upon hearing, decree entered
substantially as prayed by defendant. The plaintiff ap-
peals.—*Affirmed.*

*O. C. Brown* for appellant.

*W. F. Powell* and *L. L. Mosher* for appellees.

LADD, C. J.—The lease as written did not contain an
option by which defendant was accorded the right to pur-
chase the land within the term fixed. It is contended by
the defendant, however, that a stipulation to that effect
was omitted by mutual mistake, and that the lease should
be so reformed as to include it. The only obstacle
in the way seems to be the statute of frauds, under
which oral evidence is not competent to establish
contracts "for the creation, or transfer of any interest in
lands, except leases for a term not exceeding one year."
Section 4625, Code. It will be observed that no reference
is made in the instrument as written to an option, and it is
proposed, first, to prove the oral agreement by which de-

fendant might buy if he should so elect, and, second, because of its omission through mutual mistake, have this injected into the lease relating to the renting of the land and an agency to sell.

That a court of equity may correct a mutual mistake in a contract by including the part omitted and then enforce the contract as reformed, notwithstanding the apparent prohibition of the statute of frauds, seems to have been settled by this court in the early case of *Ring v. Ashworth*, 3 Iowa, 452. That ruling has the support of many decisions and most text-books. *Gillespie v. Moon*, 2 Johns. Ch. 585 (7 Am. Dec. 559); *Wall v. Arrington*, 13 Ga. 88; *Mosby v. Wall.*, 23 Miss. 81 (55 Am. Dec. 71); *Philpott v. Elliott*, 4 Md. Ch. 273; *Tilton v. Tilton*, 9 N. H. 385; *Moale v. Buchanan*, 11 Gill & J. 314 *Bellows v. Stone*, 14 N. H. 175; *Bradford v. Bank*, 13 How. 57 (14 L. Ed. 49); *Ruhling v. Hackett*, 1 Nev. 365; *Caley v. Railroad Co.*, 80 Pa. 363; *Smith v. Jordan*, 13 Minn. 264 (Gill, 246) (97 Am. Dec. 232); *Hunter v. Bilyeu*, 30 Ill. 228; *Schwass v. Hershey*, 125 Ill. 653 (18 N. E. Rep. 272); *Fishack v. Ball*, 34 W. Va. 644 (12 S. E. Rep. 856); *Redfield v. Gleason*, 61 Vt. 220 (17 Atl. Rep. 1076, 15 Am. St. Rep. 889); *Strickland a. Barber*, 76 Mich. 310 (43 N. W. Rep. 449). Notwithstanding this array of authority, the writer would be inclined, but for the former decision of this court, to the view that relief in such a case should be denied. The court ought not to write into a contract that which, to be enforceably the law, required the parties not only to agree to, but to reduce to writing, in order to be enforceable. It seems like an indirect attempt to enforce the specific performance of an oral agreement for the sale of land, and this is the conclusion reached by a number of eminent courts. *Elder v. Elder*, 10 Me. 80 (25 Am. Dec. 205); *Jordan v. Fay*, 40 Me. 130; *Glass v. Hulbert*, 102 Mass. 24 (3 Am. Rep. 418); *Pieree v. Colcord*, 113 Mass. 372; *Osborn v. Phelps*, 19 Conn. 63 (48 Am. Dec. 133); *Miller v. Chetwood*,

2 N. J. Eq. 199; *Davis v. Ely*, 104 N. C. 16 (10 S. E. Rep. 138, 5 L. R. A. 810, 17 Am. St. Rep. 667); *Climer v. Hovey*, 15 Mich. 18; *Webster v. Gray*, 37 Mich. 37; *Dennis v. Dennis*, 4 Rich Eq. 307; *Westbrook v. Harpeson*, 2 McCord, Eq. 112; *Whitacre v. Vansehoiack*, 5 Or. 118.  See note to *Woollam v. Hearn*, 2 White & T. Lead. Cas. Eq. 484; 1 Sugden Vendors, 243; 2 Wharton, Evidence, sections 90-94, 1024.  These decisions are in accord with the doctrine as accepted in England, tersely stated by one of the judges thus: "In case of an executory agreement, first to reform, then to decree an execution of it, would be virtually to repeal the statute of frauds."  *Townsend v. Strangroom*, 6 Ves. 328.  But *Ring v. Ashworth, supra*, is decisive and, as it is well sustained by authority, should be followed. For a review of the cases see 24 Am. Law Reg. 81.

II. A careful reading of the record has convinced us that as part of the agreement to lease, the defendant to was have the option of buying at the price of $3,300 with per cent. interest per annum, and that this part of such 7½ agreement was omitted from the written contract by mutual mistake. We are further satisfied that in the fall of 1893, and again in 1894, the defendant proposed to exercise this option in the purchase of the land, and that the plaintiff on each occasion refused to carry out his contract. Having refused performance, a tender of the purchase price and the demand for a deed, as these would have been of no avail, were unnecessary.  No useful purpose would be subserved by a discussion of the evidence It will suffice to say that we are content with the conclusion reached by the district court, and its decree is AFFIRMED.