BURT FLYNN and MAY C. FLYNN, Appellants v. S. P. FINCH and LULU B. FINCH.

**Specific performance:** ABANDONMENT. A party to a contract for 1 the exchange of lands, who did not acquiesce in the other parties' declaration that the deal was off, may insist on specific performance, as against the objection of abandonment.

**Same:** REFORMATION OF INSTRUMENTS. An instrument containing an 2 erroneous description of land inserted by a scrivener through the inadvertence of both parties thereto may be reformed; and the contract then may be enforced in the same action.

**Specific performance:** FALSE REPRESENTATIONS. Ordinarily state- 3 ments of value are mere expressions of opinion which cannot be made the basis of an action for misrepresentation; especially where the aggrieved party has an equal opportunity for knowing and estimating such values.

**Same:** EVIDENCE. Deceit in representing the area of land need 4 not be shown to justify denial of specific performance of a contract to convey; innocent misrepresentation to a substantial extent, which induced the making of the contract, is sufficient to defeat such relief at the suit of the party making the representations. Evidence held to show misrepresentation.

*Appeal from Washington District Court.*— HON. JOHN T. SCOTT, Judge.

MONDAY, FEBRUARY 17, 1908.

SUIT for reformation of a contract for the exchange of lands and for specific performance. The petition was dismissed, and the plaintiffs appeal.— *Affirmed.*

*S. W. & J. L. Brookhart,* for appellants.

*H. M. Eicher* and *Ranck & Bradley,* for appellees.

LADD, C. J.— The parties hereto entered into a contract, by the terms of which defendants agreed to convey to plaintiffs three quarter sections of land in Sully county, S. D., and pay them $1,250, in consideration for which plaintiffs undertook to deed to defendants the W. ½ S. E. ¼ S. W. ¼, section 8, township 77 N., range 6 W. of fifth P. M., in Washington county. This was on October 17, 1904. Since then defendants have disposed of one of the quarter sections in South Dakota, but the testimony that its market value was $8 per acre is undisputed.

The defense interposed relates to the Iowa land, though some claim is made that the contract was aban-

1. SPECIFIC PERFORMANCE: abandonment.

doned. Defendants did declare the deal off; but plaintiffs never acquiesced therein. Hence there was no such abandonment as will prevent plaintiffs from insisting on performance.

Nor is there any doubt but that a mistake was made in the description contained in the agreement. Flynn pointed out to Finch the boundaries of the land proposed to be exchanged, and a description manifestly

2. SAME: reformation of instruments.

inconsistent therewith was inserted by the scrivener. How came this to occur? Neither had this done designedly, and therefore it must have happened through inadvertence or mistake of both. That an agreement may be reformed and then enforced appears from *Butler v. Threlkeld,* 117 Iowa, 116; and *Conner v. Baxter,* 124 Iowa, 219.

Again misrepresentation of values is alleged. Finch resided but seven miles from the land, and owing to his

3. SPECIFIC PERFORMANCE: false representations.

occupation as horse buyer was frequently in its vicinity. He examined the land, and if Flynn told him what it was fairly worth, and what he had been offered, it does not appear that his oppor-

tunities of knowing or estimating values were any better than those of Finch. The evidence shows the rental was as represented, and the statements of what he had asked for a small strip and what might be squeezed out of an adjoining owner were mere expressions of opinion.

But one question remains, and that is whether there was such a misrepresentation of the area as will excuse defendants from performing. To justify the denial of the relief prayed, deceit need not be proven. If Flynn innocently misrepresented the acreage to a substantial extent, and Finch was induced thereby to enter into the agreement, relief will be denied, as proof of *scienter* is not exacted in such a case. The conveyances on file indicated that there were eighteen and eighty-four hundredths acres, and actual measurement demonstrated that there were nineteen and eighty-five hundredths or nineteen and eighty-nine hundredths acres with eleven hundredths of an acre across the highway. There is some controversy as to whether this last was pointed out to Finch, but as the area was substantially twenty acres in any event this is not important. Finch testified that Flynn in referring to the land did so as his twenty-one acre farm; that in showing him the land he said there were twenty-one acres and a record title to twenty and seven hundredths acres, and repeated this at different times. Murphy, who was employed by Finch to examine the abstract thereto, testified that in a conversation in his presence Flynn admitted so stating to Finch, and insisted that it was true. Mrs. Finch testified that Flynn told her there were about twenty-one acres shortly before the agreement was signed, and Nicola related that Flynn had said to him after the suit was begun that he did not have quite as much land as the contract called for. On the other hand, Flynn testified that he told Finch there were twenty-one and twenty-three hundredths acres when he purchased and he had disposed of one and five

4. SAME: evidence.

hundredths acres to Hotek, that he claimed to have about twenty acres by actual measurement, and that he made no statements in the presence of Murphy.    Also it appeared that Murphy in his requisition as to abstract said, " Mr. Finch understands that he is getting twenty acres of land in this deal," and that he had computed but nineteen and two tenths acres.    This it will be seen is not inconsistent with Finch's contention, for he claimed he was to get twenty and seven hundredths acres according to the record.    However, both say that Finch, when he heard this read, immediately insisted that Murphy had made a mistake and he was to get twenty-one acres.    So in the original answer defendants pleaded there was to be twenty and seven-twentieths acres, but this was evidently a mistake of defendant's counsel in interlining.    At any rate, it was changed in the amended answer, and slight significance should be given to such modifications in the pleadings.    Mrs. Flynn denied the conversation Mrs. Finch testified to and the respective husbands corroborated their wives.    There are some other circumstances bearing on the issue; but enough has been said to indicate that the corroborating evidence was not of a decisive character and that our conclusion necessarily depends on the credibility of the parties to the suit.

In view of the trial court's superior opportunities of weighing the evidence given orally, we are not inclined to interfere with its finding that plaintiff represented that there were twenty-one acres in the tract when there were but twenty acres.    Such a difference was substantial (*Rathke v. Tyler,* 136 Iowa, 284), and the contract should not be specifically enforced.— *Affirmed.*