# CHARLESTON.

## Duff *v.* Core.

Submitted June 9, 1885.—Decided December 5, 1885.

1. An entry is made in two cases, one a common law suit and the other a chancery cause, in these words : "This day by consent and agreement of parties the two above causes are referred to

W. E. Reed, one of the commissioners of this court, who is hereby directed to make, audit, settle and state and return to this court at the next term, an account between the plaintiff and W. G. H. Core, of all the matters contained in said suits, and said commissioner is to hear the parties and any proper evidence offered, and to take the evidence in writing and to return the same with his report, and the said commissioner is directed to give the parties interested ten days' notice of the time and place of executing this order, and such report shall be entered up as the judgment of this court," HELD :

This is a submission to arbitration, not a simple order of reference ; and on the report of said commissioner being returned to the court, it should be treated, as though it was an award, not as an ordinary report of a commissioner in chancery subject to such exceptions, as would lie to such a report ordinarily.

2. Though one of these causes so referred to a commissioner as an arbitrator was an injunction-suit to stay the enforcement of a common law judgment obtained by the defendant against the plaintiff, till a re-hearing of the matter involved in the common law suit could be had, and the grounds, on which this interference on the part of the chancery court was sought, as stated in the bill were *frivilous*, and though such injunction ought not to have been granted or suit entertained, and the case set out in the bill was such, that on the hearing the bill ought to have been dismissed at the plaintiff's costs, yet after it was thus agreed to submit the cause to arbitration, the court ought on the return of the award to entertain such suit despite the defective bill and enter a decree in accordance with the award according to the agreement of the parties, unless after being summoned to show cause against it the parties show good cause, why such award should not be held to be valid and such a decree entered.

*M. T. Frame* for appellant.

*R. Patterson* for appellee.

Statement of the case by GREEN, JUDGE :

On January 24, 1877, W. G. H. Core and P. J. Duff, entered into articles of co-partnership as druggists, of which the following is a copy:

"Article of agreement made and entered into this the 24th day of January, 1877, between W. G. H. Core of the first part and P. J. Duff of the second part. Said Article of Agreement is as follows : W. G. H. Core of the first part agrees to furnish stock and other fixtures for a drug

store, and also to furnish a room in which to carry on said business of druggist, free of rent, for one year from occupation of said room; the said P. J. Duff of the second part does agree to conduct the business of druggist and to receive fifty cents per day and one half of the profits accruing from said business; said P. J. Duff also agrees that the profits accruing from the business shall be used for the liquidation of bills made and contracted and for the increase of said business; the business of said firm is to be carried on in the name of P. J. Duff.

"W. G. H. CORE.

"P. J. DUFF."

"ST. MARYS, W. VA., Jan. 24, 1877."

Core had theretofore kept this drug-store at St. Marys, Pleasants county. Duff was a laborer and probably not very competent to conduct a drug-store; and accordingly this partnership lasted but three months. At the end of that time it was dissolved, as Core, who furnished the original stock, was not satisfied with the competency of Duff to conduct the business. The stock of drugs were then sold out to A. B. Core, the invoice of them being made by A. B. Core and Duff, who was then conducting the drug-store under the above articles of agreement. Much of the business done at this drug-store was the alleged sale of whisky. The stock of drugs was quite small. On November 4, 1878, W. G. H. Core, brought an action of assumpsit against P. J. Duff in the circuit court of Pleasants county. The declaration contained all the common counts and nothing more, and with it was filed a bill of particulars, of which the following is a copy:

"Statement of A. B. Core's and A. B. Core & Co's accounts against P. J. Duff:

| | |
|---|---:|
| 1876, September 16, balance due Core on settlement, tin shop, | $16.65 |
| Various items of merchandise from Dec. 30, 1876 to Oct. 10, 1877 inclusive, | 20.59 |
| | $37.24 |
| Credit by various sums amounting to | 18.40 |
| Amount due A. B. Core October 10th, 1877, | $18.84 |

| | | |
|---|---|---|
| Cash paid to Laughlin & Brothers, - - | $110.00 | |
| "     "   " Cotts, - - - - - - | 137.00 | |
| "     "   " John L. Smith, - - - - | 7.26 | |
| "     "   " on execution Thompson & Jackson, | 78.90 | |
| 16 months rent house in 1876 and 1877, - - | 50.00 | |
| To liquors, - - - - - - - - | 38.50 | |
| By cash, - - - - - - - - | | 42.00 |
| By drugs sold to A. B. Core & Co. - - | | 245.50 |
| To profit on drugs, - - - - - - | 50.00 | |
| Interest, - - - - - - - - | 10.00 | |
| By tinware and law books, - - - - | | 30.00 |
| | 619.50 | |
| To balance this balance would be - - - | | 292.00 |
| | | 619.50 |

At the November term 1879 of said court the defendant, Duff, pleaded *non-assumpsit* and payment and filed specifications of sets-off, to which pleas the plaintiff, W. G. H. Core, replied generally, and issue was joined, and the case was continued generally. At the next term of the court the record shows, that the following action was taken and judgment rendered in this case:

" This day came the parties by their attorneys, and on motion of said defendant by his attorney, leave is given said defendant to withdraw his pleas and sets-off heretofore filed in said cause, and the writ of enquiry awarded at the rules not having been set aside, and the defendant not appearing nor gainsaying the plaintiff's action and neither party requiring a jury, the court in lieu of a jury proceeded to hear the evidence and inspect the papers in this cause, and having heard the evidence, doth find for the plaintiff the sum of $344.59 with interest thereon from this date; it is therefore considered by the court that the plaintiff recover of the defendant the aforesaid sum of $344.59 together with the interest thereon as aforesaid, and his costs by him about his suit in this behalf expended."

Upon this judgment an execution was issued and went into the hands of W. E. Bier, sheriff of Pleasants county, who was about to proceed to enforce its payment, when P. J. Duff obtained from the judge of the circuit court of Pleasants county an injunction to stay the collection thereof till the further order of the court. The bill as a ground for this injunction stated, that the plaintiff, Duff, was ready to try the

common law action brought against him by W. G. H. Core at the November term, 1880, when it was continued generally; that during that winter the Legislature changed the time of the holding of the circuit court of Pleasants county from April, when it had formerly been held, to March; that his lawyer had failed to notify him of this change, because, he says, he thought the plaintiff was working in Wheeling and would learn of the change, but he did not know of it, and while he was at work in Ohio, this case was tried, and this judgment rendered without his knowledge. He knew nothing of it till informed by a letter from his wife, who lived in St. Marys, that an execution on this judgment was in the hands of the sheriff. The bill states, that there are a number of items in said bill of particulars, on which a judgment was rendered which are unjust, naming them : Cash paid to Laughlin & Bro., $110.00 ; cash paid Cotts, $137.00 ; cash paid John L. Smith, $7.26 ; cash paid on execution of Thompson & Jackson, $78.90 ; also the item of $38.50 to liquors, amounting to $371.66, were all moneys paid by W. G. H. Core either for the original stock of drugs or for drugs bought for the store, after these articles of co-partnership were entered into, and were according to them to be paid for by W. G. H. Core and could not be charged by him against P. J. Duff, his partner. He claims that there were no profits arising out of this partnership, and therefore the charges of $50.00 profits on drugs and $10.00 interest thereon were improper charges. He claims that when corrected W. G. H. Core's account against him would be as follows :

"P. J. Duff in acc't with W. G. H. Core :

| | | | | | |
|---|---|---|---|---|---|
| Balance due A. B. Core & Co., | - | - | - | 18 84 | |
| Rent of house, 1875 and 1876, | - | - | — | 120 00 | |
| 16 months' rent of house, 1876–7, | - | - | - | 50 00 | |
| By cash, | - | - | - | - | 42 00 |
| Fixing tinware and law books, | - | - | - | | 30 00 |
| Am't Core's acc't, | - | - | - | - | - | 188 84 |
| Total, | - | - | - | - | - | — | 116 84 |
| | | | | | 188 84 |

"Am't allowed P. J. Duff, as per written agreement, as for services for attending said store, to-wit: from May 1, 1877, to May 1, 1878,     -     -     156 00

32 84"

It will be perceived that he, in this statement, allows himself for services in the drug store $156.00, when he really served in the store only three months. And in this bill Duff claims as an offset against this claim of W. G. H. Core an account, which, he says, amounts to $368.44, and which, he says, he filed as counter offsets in said suit, but afterwards withdrew. It is not filed with the bill; the prayer of this bill is:

"Therefore your orator prays that the said W. G. H. Core and W. E. Bier, sheriff, be made defendants to this bill, and that he be required to answer the several allegations and charges herein set up, therein fully under his solemn oath as if here again especially interrogated thereto; and the further prayer of your orator is that your Honor will enjoin, inhibit and restrain the said W. G. H. Core, his agent, servant, &c., and especially W. E. Bier, sheriff of the county of Pleasants, aforesaid, from proceeding to collect or enforce the collection of said unjust and erroneous judgment until the further order of your Honor; and the further prayer of your orator is that your Honor set aside the aforesaid erroneous and unjust judgment rendered against your orator on the 17th day of March, 1881, and grant to your orator a new trial therein, or if this should appear to be not according to equity, then that your Honor would enjoin, and inhibit the aforesaid defendant and servant from enforcing the payment of said judgment until your orator can have a trial in your Honor's court for Pleasants county aforesaid, upon a suit against said W. G. H. Core in your orator's said bill of setts-off, as hereinbefore mentioned, to be instituted in proper time and prosecuted without delay; and grant to your orator such other further and general relief as to equity is right, and as in duty bound he will ever pray," &c.

An amended bill was afterwards filed, in which all these statements are reiterated; and it is further stated, that said Duff having withdrawn his claim against said Core as a counter offset, he has since instituted a suit against him on the common law side of said court, and he expects to recover a considerable sum against said Core in excess of his said judgment against him, Duff. He asks the perpetuation of the injunction theretofore awarded to him and for general relief.

The record in this common law suit shows, that nothing was done in it, except that a declaration was filed containing the common counts, and no bill of particulars was filed therewith. On June 15, 1882, the following consent-order was made in the common law suit of P. J. Duff against W. G. H. Core above referred to and also in the chancery cause of P. F. Duff against W. G. H. Core and W. E. Bier, sheriff :

" This day by the consent and agreement of parties, the two above causes are referred to W. E. Reed, one of the commissioners of this court, who is hereby directed to make, audit, settle and state and return to this court at the next term, an account between the plaintiff and W. G. H. Core of all the matters contained in said suits, and said commissioner is to hear the parties and any proper evidence offered, and to take the evidence in writing and to return the same with his report, and said commissioner is directed to give the parties interested ten days notice of the time and place of executing this order, and such report shall be entered up as the judgment of this court.

" P. J. Duff.<br>
" W. G. H. Core."

On September 15, 1882, this commissioner filed in the clerk's office his report in reference to the matters so submitted to him. He states that after notice to the parties on July 5, 1882, at the court-house of Pleasants county he proceeded to hear the evidence produced on both sides, and took this evidence in the shape of depositions four in number, which was all that either party desired to take. As each party pleaded before him the statute of limitations, he allowed it to each of them disallowing all the items of the account of Duff older than five years preceding this suit, that is, prior to June 27, 1875, which items as claimed amounted to $116.25. The items of the defendant W. G. H. Core's offsets so disallowed amounted to $175.88. He then goes into a minute and detailed examination of the accounts of both parties as filed with him. The account of Duff against Core being almost exclusively items, which would have entered into the settlement of this partnership between them. I deem it unnecessary to state this report, which is lengthy, in full. The general character of it will be seen from its conclusion, which is as follows :

"STATEMENT.

"W. G. H. CORE in acc't with P. J. DUFF.

"To items in acc't from Feb'y 7, 1877, to April
      23, 1877, less cash, ..................................$18.21
"   cash paid W. G. H. Core, ..............................  .16.00
"   services for three months at 50c. per day............ .45.00
"   share of profits,...........................................50.00
"   making 8,400 stogies at $2 per M.................16.80
"   bill of Laughlin Bro's. for drug store................110.00
"   "  " Cotts for liquor    "    "   ................137.00
                                       —————    $393.01
"   amount brought forward, ...........................393.01
"   bill of John L Smith for drug store...... ..............7.26
"   ½ Thompson & Jackson judgment,....................39.45
"   liquors brought from Forest City, ....................37.50
      Interest, .............................................10.00
                                       —————    $487.22

"I find upon examination of the suit in chancery upon injunction that the plaintiff claims there is an error in the calculation made in the account upon which Core obtained his judgmnnt against Duff of $52.29. The defendant has failed to answer said bill or demurr to the same, but in his deposition before me as a Commissioner, he denies the allegation in said bill and claims that he made the calculation himself, and that he believes the same is correct. The complainant claimed that as said Core had failed to answer or demurr as aforesaid, that the bill must be taken for confessed, and the judgment of Core vs. Duff must be reduced that amount, to-wit: the sum of $52.59. However this may be, I have examined said account carefully, and find that there is an error in said account of $10.20 instead of $52.59, and said judgment of Core vs. Duff should be for the sum of $334.39 instead of $344.59, all of which is respectfully submitted.

"W. E. REED, Com'r Ct. Ct."

The defendant excepted to this report as follows :

"First.—That the commissioner has allowed the plaintiff credit for money paid to defendant which he was allowed in the case at law, embracing in the credit of $42.00, $18.21 and $16.00.

"Second.—For allowing the defendant charges of money paid by him to the plaintiff, also of money paid to bill of Laughlin Brother $110.00; also bill of J. L. Smith, $7.26;

also bill of Cotts for liquors, $137.00 ; also one half debt of Thompson & Jackson, $39.45 ; also of defendant's liquors put in stock, $37.50. All of which should be charged to the defendant, and for all other errors embraced in said report.

"*This September* 17, 1884.

W. G. H. CORE."

On the 13th day of October after entering on the chancery order-book the title not only of said chancery cause but also the title of this common law suit of P. F. Duff against W. G. H. Core this entry was made, "that the two above entitled causes were referred to W. E. Reed, one of the commissioners of this court, by an agreed order entered therein at the June term of this court, 1882, to take, state and settle an account between the parties of all the matters arising in said cause, and the said W. E. Reed, special commissioner, having filed his report in the office of the clerk of this court on the 15th day of September, 1882, to which report the defendant excepted in writing, which exceptions being argued and submitted to the court, the court is of opinion that the same are not well taken and doth overrule the same and doth confirm said report in all respects except as hereinafter reformed. And the court, after an inspection of said report, and the evidence filed therewith, is further of the opinion that the defendant Core should not be charged with the whole of the item of $45, in plaintiff's account charged for labor, but should be charged $22.50, the one half thereof, and it is therefore ordered that said report be reformed in that particular. And it further appearing to the court from said report that after allowing the plaintiff credit for the said sum of .$22.50 instead of $45.00 for labor, that there is a balance of $464.72 due from the defendant, W. G. H. Core, to the plaintiff in the first above named cause, and it further appearing to the court from said report that the amount of the judgment against the plaintiff enjoined in the last mentioned cause is $344.59, and that the same should be $334.26, there being an error of $10.20. It is therefore ordered that the injunction heretofore awarded be perpetuated as to the said error of $10.20 ; and it is further ordered that the balance of said judgments, amounting to $334.39 against the plaintiff be set off as against the sum found due from the defendant Core to the plaintiff in the first above

named cause, leaving a balance due from the defendant to the plaintiff, after offsetting and paying the said defendant's judgment of $334.39, the sum of $130.32. It is therefore further ordered that the plaintiff, P. J. Duff, recover against the defendant, W. G. H. Core, the said sum of $130.32, with interest thereon from this date, together with his costs by him about his suits in this behalf expended, and that he have leave to sue out execution therefor, and it is further ordered that this order be entered in both the law and chancery order-book."

From this decree W. G. H. Core obtained appeal and *supersedeas.*

Opinion by GREEN, JUDGE:

In this case it appears that most of the items of the account, upon which W. G. H. Core brought his action of *assumpsit* in the circuit court of Pleasants county against P. F. Duff, were not matters, for which the defendant owed the plaintiff, but items, which constituted charges to be made in the settlement of the partnership-accounts in the close of business, into which the parties, plaintiff and defendant, had entered under the written articles of copartnership dated January 24, 1877, and on which items the plaintiff could not properly sustain an action of *assumpsit.* But he recovered a judgment not only on these but on all the other items of his account. This judgment was obtained without any fraud or misconduct on the part of the plaintiff. And the fact, that the defendant was unaware that the Legislature of West Virginia had changed the time, when the spring term of the circuit court was to be held, and the fact, that his counsel took it for granted, that he was aware, that such change had been made, constitute no excuse for the defendant's failure to attend at that term of the court, and for his letting the plaintiff get a judgment for the whole amount he claimed. The circuit court of Pleasants county ought not therefore to have entertained the bill filed by P. F. Duff to open this judgment and stay the enforcement of it, till the accounts were properly settled between the parties.

So too the action of *assumpsit* brought by P. J. Duff against W. G. H. Core in the circuit court of Pleasants county was brought principally to recover charges, which were also items

in the partnership-settlement, upon which no action of *assumpsit* could properly be brought. But though the court ought on the very face of the bill of P. J. Duff to have dismissed it at his costs, it clearly set up no case, which a court of equity would entertain, yet this was all cured by the order entered in this cause on January 15, 1882. I have copied this order in the statement of the case; and though it has been treated by the court below, as though it was a simple order of reference of the cause to a commissioner of the court to settle the accounts between the parties, yet it seems to me obvious on the very face of this order, that it was a submission of all matters in controversy either in this chancery cause or in the common law action of *assumpsit* of Duff against Core to W. E. Reed as an arbitrator; for the order provides, that this chancery cause and this common law suit be referred to W. E. Reed, who was directed to settle and return to the court at its next term all matters contained in these two suits, and it was agreed that his report thereof (that is his award) should be entered up as the judgment of the court. Exceptions were filed to this report, just as though it had been an ordinary report of a commissioner in a chancery cause, which exceptions the court entertained and on considering them he overruled them and after correcting a supposed error in this report of $22.50 confirmed this report and rendered a decree accordingly.

In thus treating this award, as if it were an ordinary report of a commissioner in a chancery cause, the circuit court erred. The effect of this order of reference, as the court below seems to have regarded it, and the effect of it treated as a submission of matters in controversy to an arbitrator, his award to be entered up as the judgment of the court, are most materially different. Had this order of June 15, 1882, been a simple order of reference, the court after the coming in of the report ought to have set aside the order of reference, dissolved the injunction and dismissed the plaintiff's bill, because on its face it clearly showed no ground for equitable interposition. But treating it as a submission of the matters named in it to W. E. Reed as arbitrator, his award to be returned to the court and entered up as the judgment of the court, its effect would have been "to do away with the

objection to the court's sustaining the bill instead of dissolving the injunction." This was expressly decided to be its effect in the case of *Brickhouse* v. *Hunter, Banks & Co.*, 4 H. & M. 363. In that case Hunter, Banks & Co. obtained a common law judgment against Brickhouse, to which he preferred as in this case a bill of injunction assigning as in this case no grounds, on which a court of equity could properly interpose, yet the court as in this case improperly entertained the bill and awarded the injunction and referred the cause to a commissioner to settle the accounts of the parties. Afterwards all matters in difference between them in that suit were referred by consent to the final determination of arbitrators. They made their report, which the court entered up as its decree, the court regarding this reference of the case to these arbitrators to be a *waiver* of the objection, that the parties were *concluded* in the common law suit.

But this being an award the circuit court should not have treated it as the report of a commissioner, as it did. The act passed March 2, 1882, (See Acts 1882, p. 122, Warth's Code p. 661) provides, section 3, "Upon the return of such award it shall be entered up as the decree of the court, unless good cause be shown against it at the first term after the parties have been summoned to show cause against it." And the fourth section provides, that "no such award shall be set aside, except for errors apparent on its face, unless it appears to have been produced by corruption or other undue means, or by mistake or that there was partiality or misbehavior in the arbitrator. But this section shall not be construed to take away the power of courts of equity over awards." This report is on its face sufficiently certain to be an award; for though the balance due to P. J. Duff from W. G. H. Core is not struck, yet it is a simple matter of calculation, which any one can readily make from the face of the report. If, for instance, this award should be ultimately sustained without correction, the balance due to P. J. Duff from W. G. H. Core will be $152.83, found by simply subtracting the corrected amount of Core's judgment against Duff from the amount found to be due to Duff from Core.

A great many of the questions which have been discussed by counsel in this case are settled by regarding this report

as an award, and especially by the liberal scope given to matters before an arbitration by the first section of said act of 1882. (See Warth's Code, ch. 108 p. 660.) This provides among other things, "And when a pending cause is submitted to arbitration the defendants may make any defence to the plaintiff's claim or demand, that he could make under any proper plea filed in court, whether said plea had been filed or not, by giving the plaintiff reasonable notice in writing of the nature and character of the defence. And he may be allowed any payment or set-off, whether before that time pleaded or not, or whether an account of set-off has before that time been filed or not, which he may plead or file before the arbitrator in such manner as to give notice of its nature, but not otherwise."

As the appellant, W. G. H. Core, has had a decree entered upon this award without having been summoned to show cause against it, this decree of the circuit court of October 13, 1883 must be set aside, overruled and annulled and the appellant, W. G. H. Core, must recover of the appellee, P. J. Duff, his costs in this Court expended; and this cause must be remanded to the circuit court of Pleasants county to be proceeded with according to the principles laid down in this opinion, treating this report of W. E. Reed as if it had been returned as an award, and further according to the principles governing courts of equity.

REVERSED. REMANDED.