## CHARLESTON

### HINES v. FISHER.

Submitted February 12, 1907. Decided March 19, 1907.

ARBITRATION AND AWARD— *Validity of Award.*

> An award must follow and comply with the agreement of submission. Where such agreement requires a special finding, and the award does not make such finding, the award is void. (p. 569 )

(POFFENBARGER, JUDGE, Absent.)

Appeal from Circuit Court, Webster County.

Bill by S. S. Hines against J. W. Fisher and others. Decree for defendants and plaintiff appeals.

*Reversed.*

C. C. HIGGINBOTHAM, W. S. WYSONG, EDWARD A. BRANNON, and LYNN, BYRNE & CATO, for appellant.

MOLLOHAN, McCLINTIC & MATHEWS, for appellees.

BRANNON, JUDGE:

S. S. Hines filed a bill in the circuit court of Webster county against J. W. Fisher and Hannah C. Fisher, which was dismissed on demurrer, and Hines took an appeal. The bill states that several suits had been pending between the parties; that for the prevention of further. litigation and for the purpose of finally settling the controversies between them they did, on the 9th day of June, 1903, enter into an article of agreement whereby all questions in difference were submitted to the arbitrament of H. C. Thurmond; that in pursuance of the contract Thurmond on the 3rd day of October, 1903, made an award that Hines pay J. W. Fisher and Hannah C. Fisher $265.33 with interest and costs. The bill charges that the award was void, invalid and not responsive to the issue joined and should not be entered as the judgment of the court. The reasons given why it was invalid are, that it fails to abide by and proceed under the express agreements and stipulations set forth in said agreement, that the arbitrator was guilty of misconduct in failing to abide by the agreement and mistook the law and disregarded the facts applicable to the matters presented to him. As specification the bill states that on the 5th and 7th days of March, 1898, (1900) Hines by written contracts purchased from Fishers all the good merchantable timber on tracts of 109, 135 and 140 acres. The bill charges that under the contract of arbitration it was the duty of the arbitrator to ascertain and determine the amount of timber on *each* of the tracts. The bill alleges that Fishers had only a life estate in the 140 acres, the remainder being in some Schrader heirs, and that Fishers had no right to sell the timber from it, as he, Hines, might be accountable to them. The bill prays that the award

be set aside because of mistake and misconduct of the arbitrator, both as to the law and the facts, and that an injunction go against the Fishers enjoining them from having entered as the judgment of the court the said award. An injunction was awarded, but it was dissolved on the hearing of the demurrer and the bill was dismissed.

The arbitration agreement first recites the existence of controversy between the parties in reference to the sale and purchase of the timber, logs and lumber mentioned in the contract dated March 5, 1900; and concerning the timber, logs and lumber mentioned in the contract of March 9, 1900, between said Fishers and Hines, as the amount of timber, log, and lumber taken from *each* of said tracts, as well as to payments made by Hines to Fishers jointly and individually thereon. After such recital of the matters in controversy, the agreement "for the final ending and adjustment of all disputes between and among all parties relative to the said contracts, the amount of lumber cut from the tracts mentioned in the written contracts, the amount of lumber mentioned and cut in pursuance of the verbal contract, the amount of purchase money paid on the timber and lumber mentioned in the written contract, to either the said Fishers jointly or individually, on account thereof, by the said Hines or any one for him and to the said Fishers, or either of them or any one for them or either of them, and the amount paid to or received by them, or either of them, by the said Hines, or any one for them, in money or otherwise, on any other account; and the amount paid to the said Hines by the said Fishers, or either of them, in money or otherwise, on any other account and for the preventing all other disputes in difference concerning the same and the charges of suits which may or might otherwise happen to be occasioned thereby; it is agreed by and between each of the said parties to these presents that the rights, title, claims, demands or pretentions of the said parties, in relation to the matters in difference between them shall be, and are hereby referred and submitted to the final award or determination of H. C. Thurmond." Next the said agreement directs the arbitrator to "ascertain and determine the amount of lumber received by the said Hines from *each* of said tracts, the amount received from the Ware timber in pursuance of the

verbal contract, and how the latter was disposed of." It directed the arbitrator to ascertain any money or property received by Hines from Fisher as determined by contract express or implied, and the amount paid by Hines to Fishers, and fix the expenses of manufacturing the Ware lumber, and by whom borne; and how much lumber was received by either party and converted to his own use. The agreement after thus specifying the matters submitted and giving such directions to the arbitrator has this clause: "And thus ascertain the true state of account between the parties, and strike a balance, and render an award in favor of the party on which side the balance appears for the amount thereof." The agreement provides that the award should be entered up as the judgment of the circuit court. The bill contains other matters not involved in this decision. The award reads as follows: "In the Arbitration of the matters in difference between J. W. Fisher and Hannah Fisher, of the one part, and S. S. Hines, of the other part: Whereas, said parties by agreement in writing, dated the 9th day of June, 1903, submitted to the undersigned all manner of disputes and differences existing between them concerning certain timber, logs, lumber and transactions as set out in said agreement which is of record in the Circuit Court of Webster county; and the time in which said matters were to be determined having been extended by order of said Court and by consent of said parties in writing until the 10th day of October, 1903; and having spent 15 days, examined 47 witnesses, beside the parties themselves, viewed the premises, examined numerous accounts, books, documents, records, files of cases, depositions briefs, authorities and argument of the four able attorneys, who represent the parties and, after carefully considering all matters in difference between said parties, doth make the following award:

"That the said S. S. Hines do pay said J. W. Fisher and Hannah C. Fisher the sum of $265.33, with interest thereon from this day until paid and that he do pay their costs in this behalf expended, which, for the attendance of witnesses is ascertained to be the sum of $73.50 as taxed by me and herewith returned. Given under my hand and seal this 3rd day of October, 1903. H. C. Thurmond, Arbitrator, (Seal.)".

One objection to the award is, that it does not ascertain the amount of lumber from each tract separately. The agreement for arbitration distinctly recites in its opening that there was difference between the parties as to "the amount of the logs, timber and lumber taken from each of said tracts," and it provides that the "arbitrator shall ascertain and determine the amount of lumber received by the said Hines from each of the said tracts of land, the amount received from the Ware timber in pursuance of said verbal contract." As appears from the award above this demand of the agreement was not complied with by the arbitrator. The award must be regarded from its generality very unsatisfactory. It is argued that the agreement does not require that the lumber from each separate tract should be *reported* in the award. It is argued, and we concede the law, that where the submission is general of all matters, or the questions are merely of mutual indebtedness or pecuniary claim, and the arbitrator finds a balance from one to the other, the award is good although the principles from which the balance results are not stated. 3 Cyc. 702. It is argued that if the award shows a final disposition of all the matters submitted, it need not indicate the steps by which the arbitrator arrived at his conclusion, and special findings of facts are not necessary. That it is sufficient if the result is stated, and that where the submission is general, of all matters, an award of a particular sum in favor of one of the parties is sufficiently certain. 3 Cyc. 310, 711; Morse on Arbitration, 265. Of course, there can be no objection to this award on the ground of want of certainty. That is not the point. It is another cardinal rule of arbitration that the award must do what the submission demands. "The submission furnishes the source, and prescribes the limits of the arbitrator's authority, without regard to the form of submission; and the award, both in substance and in form, must conform to the submission, and the arbitrators are inflexibly limited to a decision of the particular matters submitted." 3 Cyc. 674. " Under a submission of several matters an award is not uncertain because it did not pass upon each matter separately, but embodies them all in one general award, unless the submission *specially* or *impliedly* requires a separate award for each matter, or one or more of them." 1 Am. & Eng. Ency.

L. (1st Ed.) 697. The qualification in the last clause of this quotation is applicable to the present case. "Where the submission directs that certain requisites shall be complied with by the arbitrators in making their award they must follow such directions strictly, or the award will be invalid." 2 Am. & Eng. Ency. L. (2d Ed.) 720. Morse on Arbitration, 342, says: "The question is properly of the intention of the parties. The courts will look at the language of the submission in its every part, and from a consideration of the whole will determine the matter of intent. If the reasonable construction appears to be that the parties intended to have every thing decided if any thing should be, then a decision of all the matters submitted will be imperatively required. And, as has been just stated, the presumption is in favor of this purpose on the part of the disputants." Now, under these authorities can we disregard the emphatic expression in the agreement that a difference existed as to the amount of lumber from each tract? That fact tells why the agreement specifically directed the arbitrator to ascertain and determine the amount from each tract. That clause must mean something, else it would not be there. It was not designed merely to direct the arbitrator to *consider*, count in the lumber from each tract. The clause was not necessary for that purpose, as that would be his duty plainly without such clause. If he had been directed to strike a balance between the parties, as the agreement specifies elsewhere the subjects or matters of consideration, that clause was not necessary to tell him that he should take into consideration the lumber from each tract. That is not the purpose of that clause directing him to ascertain and determine the lumber from each tract. It seems to me that this agreement contemplates a stated account between the parties, because it required the arbitrator to "ascertain the true state of account between the parties, and strike a balance." Taking the minute specifications in the direction of duties of the arbitrator, it looks like an account was contemplated, a stated account. If it be asked, of what account would a finding of the lumber product of each tract be, what purpose would it answer, the response is in the language found in a note in 3 Cyc. 702: "It has been held that if, on the construction of the agreement of submission,

the arbitrator is to decide, separately, the matters referred, he must do so; for, if this is the bargain of the parties, it must be observed; otherwise the arbitrator does not follow the authority given him." I would further answer that it would be a satisfaction to the parties to know the debits on account of the lumber from each tract. Moreover, our Code in chapter 108, section 3, allows good cause to be shown against an award. If reported, this might show good cause. It might be necessary or useful in future litigation as to the timber from the 140 acres. We cannot say that in no view could the omission have prejudiced Hines., An award while forceful may be resisted for certain causes. How can we say that if it had specified the charges for timber from each tract there might not be disclosed a basis for opposing it? Shall we assume that if the award had contained such specification that the specification would be useless? Can we thus guess or surmise? Anyhow, so the bond is written. We think this is a defect in the award. It does not do in this matter what the submission demands.

It is useless to discuss other objections to the award. Our conclusion is to reverse the decree, overrule the demurrer, perpetuate the injunction and set aside and annul the award.

*Reversed.*