# CHARLESTON.

SIMMONS *et al.* v. SIMMONS *et al.*

Submitted October 14, 1919.   Decided October 21, 1919.

1. WILLS—*In Contest on Issue Devisavit Vel Non Jurisdiction Ends on Decree.*

   In a suit to contest a will and upon an issue *devisavit vel non* the jurisdiction of the court ends with the decree adjudicating that issue.   (p. 30).

2. ARBITRATION AND AWARD—*Confirmation of Award Outside the Issue and Decree Void.*

   Where the issue in such suit upon the petition of guardians for infants, filed pursuant to section 5 of chapter 108 of the Code, is submitted to arbitration, the arbitrators have no authority or jurisdiction to go outside of the issue submitted, and their award beyond such issue and any decree confirming the same are absolutely void and of no effect.   (p. 30).

3. VENDOR AND PURCHASER—*Defense of Innocent Purchaser Must be Pleaded.*

   The defense of innocent purchaser without notice is an affirmative one and to be availing must be pleaded.   (p. 31).

4. SAME—*Purchaser Bound to Take Notice of Record.*

   Generally whatever is sufficient on the face of the record of title to land to direct a purchaser's attention to the prior rights and equities of third persons will put him upon an inquiry and will amount to notice to him. · He is bound to take notice of everything disclosed by the record.   **(p. 31).**

5. LIS PENDENS—*To be Protected as Bona Fide Purchaser Under Judicial Decree Court Must Have Had Jurisdiction.*

   To be protected as an innocent purchaser from one who has purchased under a judicial decree and before appeal or suit to avoid the decree, upon principle enunciated in *Perkins* v. *Pfalzgraff*, 60 W. Va. 121, and *Dunfee* v. *Childs*, 59 W. Va. 225, the court pronouncing the decree must have the capacity and by proper pleadings and proof must have acquired jurisdiction to pronounce the decree.   (p. 31).

6. GUARDIAN AND WARD—*Compromise by Guardians Must Have Judicial Sanction.*

   To make a compromise by guardians effective against their wards in any case the judicial sanction thereof must be upon

a real and not a perfunctory hearing. If such hearing is only formal and intended solely to employ the functions of the court to give validity to the prior agreement, it may be set aside.   (p. 35).

7.   REFERENCE—*Conditions   Precedent   to   Vacation   of   Award   Against Infants.*

In a suit to set aside an award against infants made in suits contesting the validity of a will and deed, purporting to have been had pursuant to chapter 108 of the Code, and the decree affirming such award, it is error on setting aside such award and decree, in advance of an adjudication of the issues involved in the contest suits to finally adjudicate the rights of the parties and refer the cause to a commissioner for a settlement of the rents, issues and profits to which plaintiffs may be entitled.   Such reference is premature.   (p. 34).

Appeal from Circuit Court, Roane County.

Suit by Earle Simmons against W. S. Simmons, Susan Simmons, (now Rader,) and Lula A. Simmons, with answer and cross-bill by them against W. S. Simmons and others, interpleaded defendants.

Decree for plaintiff and defendants Susan Rader and Lula A. Simmons, referring cause to a commissioner for an accounting of rents and profits, and defendants W. S. Simmons and others appeal.

*Reversed in part.   Affirmed in part.   Remanded.*

*Geo. F. Cunningham, Warren Miller, Chas. E. Hogg, S. M. Williams* and *Pendleton, Mathews & Bell,* for appellants.

*Ryan & Boggess, Harper & Baker, Smith D. Turner,* and *Geo. E. Price,* for appellees.

MILLER, PRESIDENT:

The common object of the original and two amended and supplemental bills filed by the plaintiff Earle Simmons and of the answer and cross-bill filed for and on behalf of Susan Simmons and Lula A. Simmons against the defendants interpleaded therein, was to show cause against and have removed as clouds upon their title to the home farm of the late James M. Simmons, their father, given them by his will, two certain decrees made on April 3, 1902, in a certain suit for proceeding purporting to have been begun and prosecuted by petition on behalf of the plaintiff

Earle Simmons by H. D. Wells, his guardian, and on behalf of the respondents and cross-bill plaintiffs by P. A. Tallman, their guardian, and by J. P. Thomasson, committee for their mother Minnie B. Simmons, then an insane person, in the circuit court of Roane County, and also certain deeds and leases depending thereon and under which other of the defendants impleaded claimed right and title to said farm or parts thereof. Said petition named no parties defendants, but in the decrees made thereon the case is styled in the name of petitioners versus Z. T. Simmons, W. S. Simmons, M. F. Simmons, F. M. Simmons, G. B. Simmons, T. R. Simmons, Virena Vandevender, Mary E. Ferrell, and said Minnie B. Simmons, an insane person, and Lula A. Simmons, Susan Simmons and Earle Simmons, infants, defendants.

The petition showed that the adults named therein, except the said Minnie B. Simmons, were plaintiffs and contestants, and the said Minnie B. Simmons, widow, and petitioners were defendants and contestees in two certain suits then pending in the said circuit court, the object of one of which suits was to set aside the will, the other the deed of said James M. Simmons, both instruments having been made and executed by the testator and grantor on the same day. The petition also showed that in the suit to contest the will of the testator an issue *devisavit vel non* had been awarded and that issue had also been made up in the other suit to set aside said deed.

By the first of the decrees made on the petition it was adjudged, ordered and decreed that all the matters involved in said two suits be and the same were thereby referred to the consideration and arbitration of the three arbitrators named therein, who were directed to hear proof and consider the pleadings and evidence taken in said two suits and adjust the matters in difference then between the parties thereto and make report of their proceedings thereunder to the court.

The second of said decrees, confirming the report of said arbitrators, copied bodily into the decree and in strict accordance therewith, was that the said Z. T. Simmons and others, the contestants, do take and hold free of all claims of the said Minnie B. Simmons, Susan Simmons, Lula A. Simmons and Earle Simmons the tract of land lying in Smithfield district known

as the James M. Simmons home farm and containing about one thousand acres; that they also take and hold the farm known as the Flat Fork Farm described in said will and deed; and that they do within thirty days from the date of the decree pay to J. B. Thomasson, committee of the said Minnie B. Simmons, the sum of three thousand dollars for the use and benefit of his insane ward, and that they do release all other rights, devises and bequests given to each of them under said will, and that in all other regards the said will and deed do stand and remain in full force and effect.

The decrees and proceedings sought to be set aside by the present suit purport to have been had and taken pursuant to section 5 of chapter 108 of the Code, relating to arbitration. The present bills and cross-bill are predicated on the rights reserved in section 4 of said chapter to set aside awards for errors apparent or when procured by corruption or other undue means, or by mistake, or when there has been misbehavior in the arbitrators and the power of courts of equity over awards generally reserved by said section, and also upon the rights given infants by section 7 of chapter 132 of the Code, within six months after attaining the age of twenty-one years to show cause against said decrees regardless of the provisions of section 4 thereof, which latter section gives the same validity to decrees executed pursuant to judical decrees and orders on behalf of others as if executed by the parties themselves. So there can be no doubt of the right of plaintiffs to maintain this suit and obtain relief if sufficient cause has been shown therefor in the bills.

The bills and answers thereto are elaborate pleadings. The bills challenge the validity of the decrees and proceedings upon said petition, upon several grounds; first, that the award was void because the arbitrators exceeded their powers in undertaking to partition the home farm to the contestants of the will, when the questions submitted to them were limited to the issues in said two suits, whether the will and deed were the will and deed of said testator and grantor; second, because the judgment on said award was pronounced without a rule to show cause against it at the first term of the court after the parties had been summoned, as required by section 4 of chapter 108 of the

Code; third, that said section 5 of chapter 108 conferred no power or jurisdiction upon the court to authorize the guardians to arbitrate the title of the infants to the home farm given them by the will of the testator; fourth, that the award and the whole arbitration proceedings were a nullity for want of jurisdiction of the infants in the arbitration proceedings, as they were not made parties thereto; fifth, because of the misconduct of the arbitrators in failing to give notice of the time and place of hearing, to hold meetings for hearing, to take evidence as required by the order of submission, and because they adopted an award prepared for them by the attorneys for Thomasson and the older set of children; sixth, because the arbitrators themselves did not consider the evidence or act as triers of either the law or the fact, and were mere dummies to cover up a compromise already made between Thomasson and the other set of children, contestants, as agreed; seventh, that on the whole record the award was a gross fraud upon the infants and the result of an unconscientious, inequitable and fradulent bargain between the contestants of the will and the said Thomasson and the guardians of said infants.

By demurrers and answers appellants question the sufficiency of the bills as bills to review the prior decrees and proceedings in the two suits instituted by them to set aside the will and deed, on several grounds, among them that neither the contents nor the substance of these proceedings are set forth therein, nor any excuse given for not doing so, and generally that the other facts alleged and relied on amount to conclusions and innuendoes.

The reply made to these points is that appellants have misconceived the purpose and scope of the present bills, and besides that all of the proceedings so far as existent were made part of the bill by reference thereto. The allegations and proof respecting the same are that the papers in these suits for the most part had been lost or were unobtainable, and moreover that no final orders or decrees had been entered therein reviewable on petition or bill by anyone, except in so far as the final order or decree made upon the petition in said arbitration proceedings ordered said former suits "dismissed agreed."

We have given very careful consideration to all the many questions presented by the very able and elaborate briefs of

learned counsel on both sides of the controversy, but having reached the conclusion that the rights of the parties, including those of the defendants invoking protection as innocent purchasers without notice, depend on the following comprehensive propositions applicable to the facts pleaded and established by proof, in affirming the decree below giving to plaintiffs the decree prayed for, it will be unnecessary to respond to any of the many other propositions sought to be presented by the record.

These propositions are, that the only questions presented by the pleadings in the two original suits and within the jurisdiction of the court to decide. and the only questions presented to the arbitrators in the arbitration suit or that could have been lawfully submitted to them was whether the will or deed involved or any part or parts thereof was the will or deed of the testator or grantor; that no power was conferred or could have been conferred on the arbitrators to go outside of the issues involved in these suits to otherwise settle or compromise the rights of the infants to whom the home farm had been devised by said will; that if the will or deed was valid the estate of the testator or grantor would go as devised or granted, if invalid it would go according to the law of descents and distributions.

It is well settled by our decisions that upon an issue *devisavit vel non* the jurisdiction of the court ends with the decree adjudicating that issue, and that it has no power or authority therein to grant any other relief. *Coffman* v. *Hedrick*, 32 W. Va. 119; *Dower* v. *Church*, 21 W. Va. 23; *Couch* v. *Eastham*, 27 W. Va. 796; *Ward* v. *Brown*, 53 W. Va. 227; *Mathews* v. *Tyree*, *Id.* 298; *Childers* v. *Milam*, 68 W. Va. 503, 504-5, and cases cited.

And nothing is better settled in this state or elsewhere than that arbitrators cannot go outside of the order or contract of submission, and that their award beyond the submission is absolutely void and of no effect. *Hines* v. *Fisher*, 61 W. Va. 565; *Insurance Company* v. *Board of Education*, 49 W. Va. 360; *Goff* v. *Goff*, 78 W. Va. 423; *Raleigh Coal & Coke Co.* v. *Mankin*, 83 W. Va. 54, 97 S. E. 299; Morse on Arbitration and Award, 181-2-3.

In the case presented here the arbitrators made no response to the issues in the suits referred to them, but went wholly out-

side thereof and undertook to award to the contestants in said suits the land given the infants by the will. Where can authority or jurisdiction be found for such procedure? It is alleged, proven and nowhere denied, in fact it is admitted by those who were the actors in presenting and prosecuting the arbitration suit, that the proceeding was an invention to accomplish by indirection what the guardians of the infants and those cooperating with them could not do directly, namely to compromise the infants' rights by the semblance of an arbitration suit begun and prosecuted under section 5 of chapter 108 of the Code. The agreement of compromise preceded those proceedings, and it is manifest from the result that the interests of the infants were not in good faith or properly defended by anyone. It is substantially demonstrated by the record that the infants would have fared much better, by eight or nine thousand dollars, if they had gone undefended and the arbitrators had found the issue *devisavit vel non* in favor of the contestants. The home farm devised to them was estimated to be worth from twenty to twenty-nine thousand dollars, and if the will and deed had been adjudged invalid they would have shared with the others in the whole of the testator's estate, including the farm.

It is argued that the effect of the report of the arbitrators was to find that so much of the will as gave the home farm to the infants was invalid and the residue thereof the valid will of the testator. For the sake of argument let this be conceded; but would that finding have given the farm to the contestants? Certainly not; it would have gone to the heirs of the testator, not to the contestants. The will did not give it to them.

As to those who were actors and parties in the previous suits there can be no question that their right and title fails with the affirmance of the decree. But are any of the other defendants protected as innocent purchasers? Some answered defending as such; others made no defense. The defense of innocent purchaser without notice is an affirmative one and must be pleaded. *Lohr* v. *George,* 65 W. Va. 241, 248; *Bowlby* v. *DeWitt,* 47 W. Va. 323, 327, and authorities cited. The decree does not undertake to set aside and remove as clouds the orders and decrees in the arbitration proceedings and the subsequent deeds and leases on the land except as they affect the right and title of the

plaintiffs, and it should be so interpreted. If plaintiffs are entitled to the real estate under the will, the decree of course will go to their whole estate, but if the will shall be adjudged invalid, the decree will protect plaintiffs only to the extent of their rights and interests as heirs.

But can it be said upon reason or authority that any of the defendants were innocent purchasers without notice? The general rule is that whatever is sufficient to direct the attention of the purchaser to prior rights and equities of third persons so as to put him on inquiry to ascertain their nature, will operate as notice to him. *Diehl* v. *Middle States Loan etc. Co.,* 72 W. Va. 74. Here and in Virginia it is held that a purchase whose title depends on a decree is bound to take notice of everything disclosed by the record. *Saffell* v. *Orr,* 109 Va. 768, 775; *Waldron* v. *Harvey,* 54 W. Va. 608, 620; *Hoback* v. *Miller,* 44 W. Va. 635, 640; *Oneal* v. *Stimson,* 61 W. Va. 551, 557; *Conrad* v. *Crouch,* 68 W. Va. 378, 385; *Williamson* v. *Jones,* 43 W. Va. 562, 574.

But are any of the defendants innocent purchasers without notice upon the principles enunciated in *Perkins* v. *Pfalzgraff,* 60 W. Va. 121. The correctness of that decision is challenged so far as it involves the rights of infants under section 7, chapter 132 of the Code. We cannot agree with counsel that that case ought to be overruled; it is well supported by the authorities. The same rule is laid down in *Dunfee* v. *Childs,* 59 W. Va. 225, syl. 8. But we do not think those cases control this case, indeed quite the contrary, for it is held in *Perkins* v. *Pfalzgraff* that a decree to be valid must be based on proper pleadings, without which it is void. There was no question in that case as to the jurisdiction of the court depending on pleading and process. The holding was that one who purchases land from a party who held under a decree afterwards reversed is not affected by such reversal if he was a complete purchaser. We hold in this case that the court acquired no jurisdiction, because of want of pleadings sufficient to justify the decree made upon the award of the arbitrators. It is well settled that in order to acquire jurisdiction to pronounce a valid decree or judgment the court must have not only the capacity to hear and determine causes of a class to which a given cause belongs, but actual cognizance of it, obtained

by requisite process and pleadings. *Ensign Co.* v. *Carroll,* 30 W. Va. 532; *Railway Co.* v. *Wright,* 50 W. Va. 653; *Penna. R. R. Co.* v. *Rogers,* 52 W. Va. 450; *Moore* v. *Holt,* 55 W. Va. 507, 510.

A number of other points are relied on to reverse the decree. One is that the circuit court in setting aside the award in the arbitration suit and the decree confirming it should have re-established the *status quo* by reinstating on the docket the original suits contesting the will and deed. It does not appear from the record that appellants made any such request in the court below. But the court of its own motion adjudged that said decree should be without prejudice to the defendants, who were plaintiffs in the original suits, to institute such proceedings as they might be advised, to attack said will and deed. The effect of this decree must be regarded as reinstating the original causes on the docket for trial. It is contended that the petition filed by the guardians for the infants and the committee for the insane wife was a separate and independent suit or proceeding, and that the order therein dismissing the original suits was not an order or decree in those causes. We do not concur in this view. Upon a petition pursuant to section 5, chapter 108, the result of favorable action thereon would submit the suit or controversy to arbitration, and the judgment or decree on the award would necessarily determine such suit or controversy, and should be so construed. Certainly this would be the result of a submission by the parties under section 1 of said chapter, and why not the proceedings of guardians or committees, under section 5 of that chapter?

Another point is that the court should not have given to plaintiffs a writ of possession in advance of the adjudication of their rights upon the issue *devisavit vel non* involved in the original suits. But were not the plaintiffs entitled to be restored to the possession taken from them by the decree or order made upon the award against them? What rights can any of the appellants have as against the plaintiffs in this suit to hold possession against them under a void decree? Of course their rights to the whole tract depend on the validity of the will and until finally adjudicated are *prima facie* only. If conditions have arisen or shall arise pending the litigation calling for the

preservation of the property from waste, the law affords adequate relief against such waste.

Another point is that the court should have decreed a return of the three thousand dollars paid by the beneficiaries of the award, the older children, to Minnie B. Simmons. As neither the infants nor their guardians received any part of that sum and there was no request on the part of the appellants or either of them for such order, we see no error in the omission to decree repayment. Certainly there could be no decree against the plaintiffs therefor. The purpose of the present suit by plaintiffs was to show cause against the decree taking away their land. And certainly those rights can in no way be conditioned upon repayment of the three thousand dollars, or any other sum. *Poling* v. *Poling,* 61 W. Va. 78, 82.

Another point to be noticed is, that it was error to order an accounting for rents, issues and profits. The bill alleges and the answers deny the receipt of such rents, issues and profits. Appellants made no claim for improvements or taxes paid. Wherefore there was no error in not decreeing permanent improvements. Code, chapter 90, section 32. *Fishback* v. *Ball,* 34 W. Va. 644. But it now occurs to us that the order of reference to a commissioner was premature. If plaintiffs in the contest suit shall prevail in voiding the will and deed, the rights of the parties respecting rents and profits and for permanent improvements, if any, will be controlled by the law applicable to co-tenants. We think the decree below should be amended in this particular, so as to postpone the settlement for rents and profits and for permanent improvements until the issues *devisavit vel non* have been tried and determined. If the will and deed shall prevail over the claims of appellants, the settlement for rents and profits and for permanent improvements must then be had according to the provisions of chapter 91 of the Code, which should be carefully observed.

Next, as to the parties, we can see no defect of parties in the bills and cross-bill. All the persons who were parties to the arbitration suit are parties to these bills, and so far as we can see all persons claiming the home farm or any part thereof

under the award and decree of April 3, 1902, have been properly impleaded and brought into this suit.

*On Rehearing;* it was argued by counsel that the decree on the award ought to be regarded simply as a confirmation by or approval of the court of the prior compromise agreement between the parties. One objection interposed to this is that the decree was without rule or process against the parties, required by chapter 108 of the Code. If the rules there prescribed control the court on giving approval to a compromise of infants' rights, process or rule would be necessary, for the remedy being statutory and involving infants' rights should be strictly construed. Process would then be necessary to confer jurisdiction. *McGinnis* v. *Curry,* 13 W. Va. 29, 52; *Fowler* v. *Lewis's Adm'r.,* 36 W. Va. 112, 128; *Hoback* v. *Miller, supra; Duff* v. *Core,* 27 W. Va. 232, 244. Undoubtedly a statutory proceeding to sell or otherwise dispose of infant's land, as these and other authorities hold, must be strictly complied with, or all rights acquired under them must fail. *Millsaps* v. *Estes,* (N. C.), 70 L. R. A. 170. Another case in point is *Healy* v. *Isaacs,* 73 Ind. 226.

But the decree in the arbitration proceeding does not purport to approve an agreement of compromise, even if a guardian has authority with approval of the court to compromise the rights of infants in land. No agreement of compromise was presented to the court; the facts in relation thereto were not presented to the court, as is always necessary in such cases, and on which the judgement of the court must be founded; the proceedings referred the cases to the judgment of arbitrators, not to the court for approval of a supposed compromise; and it seems to us it would be going a long way for the court to construe its decree as one of approval of a compromise by the parties out of court. It is held by high authority that to make a compromise by guardians effective against infants in any case the judicial sanction must be upon a real and not a perfunctory hearing. If the hearing is merely formal and intended solely to employ the functions of the court to give validity to the prior agreement, it may be set aside. 1 Elliott on Contracts, §306, p. 516; *Missouri Pac. Ry. Co.* v. *Lasca,* (Kan.), 21 L. R. A. (N. S.) 338, and note. It is conceded and the evidence establishes beyond controversy that the arbitration proceedings were gotten up.

simply as a means of giving validity to the prior agreement, that the court never acted on the fact of such an agreement, and never undertook to approve it. Indeed we do not think the court could properly have given its consent to a compromise which gave away the whole of the infants' estate in the land and received for them nothing in return. The justification offered by the beneficiaries of the alleged agreement is that the infants will likely inherit from their mother the land and other property conceded to her and that this justified the contract and the award. But would a court of equity accept this as justification for an agreement or order taking away the whole of the estate of infants? This would be a dangerous precedent to recognize.

Another proposition renewed on rehearing is that the award of the orbitrators should be treated as responsive and as a finding that so much of the will as gave the home farm to plaintiffs invalid, and the will and deed in all other respects a valid disposition of property, thereby allowing the said home farm to go to the heirs according to the law of inheritance. Anciently it was doubted whether the question of title to land was an arbitrable matter. 2 R. C. L. 358, §9. In the case of wills the judgment of probate has the force of an adjudication in rem, and is conclusive until set aside in the manner provided by law. *Harris* v. *Wyatt,* 113 Va. 254; *Woofter* v. *Matz,* 71 W. Va. 63. It cannot be collaterally attacked. *Estate of Carpenter,* 127 Cal. 582, 585-6.

Our conclusion is that in so far as the decree prematurely referred the cause to a commissioner for an accounting of rents, issues and profits and fixes the principles of such accounting in advance of the final adjudication of the issues presented in the two causes involving the validity of the will and deed, the same must be reversed, set aside and annulled, but that in all other respects, as interpreted by this opinion, the same should be affirmed, with costs to appellants incurred in this court.

*Reversed in part. Affirmed in part. Remanded.*